IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAMPBELL,<br><br>                Plaintiff,<br>v.<br><br>WHITEAR et al.,<br><br>                Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 2:21-cv-00421-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

      This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 23). Before the court is Defendants Trent Moulton (Officer Moulton) and Bountiful City's (collectively, Bountiful City Defendants) Motion to Dismiss (Bountiful City's Motion to Dismiss) (ECF 35), and Defendants Jesse Whitear (Officer Whitear) and North Salt Lake City's (collectively, North Salt Lake City Defendants) Motion to Dismiss (North Salt Lake City's Motion to Dismiss) (ECF 37). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons below, the undersigned RECOMMENDS that the court GRANT IN PART and DENY IN PART Bountiful City's Motion to Dismiss (ECF 35), and GRANT IN PART and DENY IN PART North Salt Lake City's Motion to Dismiss (ECF 37).

## I.    BACKGROUND

      On July 15, 2021, the court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF 3), and Plaintiff filed his initial Complaint (ECF 2) the same day. On September 9, 2021, Plaintiff filed his "First Amended Civil Rights Complaint" (Amended

Complaint) (ECF 14).[1] Bountiful City Defendants moved to dismiss all causes of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (ECF 35). North Salt Lake City Defendants moved to dismiss Plaintiff's third, fourth and fifth causes of action also pursuant Rule 12(b)(6). Plaintiff opposed Bountiful City Defendant's Motion to Dismiss (Opposition) (ECF 47), which was followed by Bountiful City Defendants' Reply (ECF 48) and North Salt Lake City Defendants' Reply (ECF 49).

This civil rights case arises from an altercation between Plaintiff Roger Campbell (Plaintiff) and Officer Moulton and Officer Whitear on August 31, 2017 (ECF 14 at 4). As alleged in the Amended Complaint, on the date of the altercation, Plaintiff was suspected of using a hammer to break several windows at his ex-wife's residence while intoxicated (*id.*). After breaking the windows, Plaintiff left the residence on a bicycle, and soon after he was confronted by Officers Moulton and Whitear (*id.*). Plaintiff admits he "did not stop initially" when confronted by the Officers, but he eventually stopped after hitting a patch of gravel causing him to crash (*id.*). Plaintiff alleges he "stumbled to his feet" and then was tased by Officer Whitear (*id.*). Plaintiff alleges that while he was "unconscious, lying in the gravel" he was tased again by Officer Whitear (*id.*). The confrontation resulted in Plaintiff's hospitalization and eventual incarceration (*id.*).

Plaintiff's Amended Complaint asserts five causes of action: (1) the first tasing was excessive force in violation of the Fourth Amendment of the U.S. Constitution because he was "no longer fleeing nor resisting arrest" when he was tased (ECF 14 at 5); (2) the second tasing was excessive force in violation of the Fourth Amendment because Plaintiff "never threatened the officers in any way" and was tased the second time "while lying down in the gravel" (*id.*); (3) the

---

[1] The court acknowledges that Plaintiff's Amended Complaint was filed untimely and not in accordance with Fed. R. Civ. P. 15(a); however, given Plaintiff's pro se status, the court will nonetheless consider Plaintiff's Amended Complaint.

"second tasing was so completely unnecessary" it suggests that Bountiful City and North Salt Lake City have a "deliberate indifference towards training and supervision" (*id*. at 6); (4) the second tasing violated Plaintiff's right to be secured in one's bodily integrity under the Fourteenth Amendment (*id*.); and (5) the second tasing was aggravated assault as defined by Utah Code Ann. § 76-5-103 (*id*. at 7). Because of the trauma caused by the incident, Plaintiff seeks compensatory damages in the sum of $100,000 (ECF 14 at 9).

Bountiful City Defendants argue that Plaintiff's entire Amended Complaint should be dismissed under Rule 12(b)(6) because: (1) Plaintiff's first and second causes of action fail to state a claim because the Amended Complaint does not assert that Officer Moulton "tased or otherwise [used] any excessive force against the Plaintiff" (ECF 35 at 3–4); (2) Plaintiff's third cause of action fails because there is no assertion that Officer Moulton used his taser, thus, there can be no failure on the part of Bountiful City to properly train Officer Moulton (*id*. at 4–5); (3) Plaintiff's fourth cause of action should be dismissed because the claim is brought under the Fourteenth Amendment which does not provide a basis for the claim (*id*. at 5); (4) Plaintiff's fifth cause of action fails because the Utah Criminal Code does not allow for aggravated assault to be raised as a private cause of action (*id*. at 6); and (5) Officer Moulton is immune from suit by the doctrine of qualified immunity and by the Government Immunity Act of Utah (GIAU) (*id*. at 6–8).

North Salt Lake City Defendants argue that Plaintiff's third, fourth, and fifth causes of action should be dismissed under Rule 12(b)(6) because: (1) Plaintiff's third cause of action fails because the claim is based "solely on a single incidence" and a single incidence is not enough to support a failure to train claim (ECF 37 at 2–3); (2) Plaintiff's fourth cause of action should be dismissed because "the Fourteenth Amendment provides no protection for bodily injury claims

3

arising from an arrest" (*id*. at 4); and (3) Plaintiff's fifth cause of action fails for the same reasons set forth in Bountiful City's Motion to Dismiss (*id*. at 5).

The court will address each argument in turn.

## II. LEGAL STANDARDS

Under the rule 12(b)(6) standard, the court "look[s] for plausibility in th[e] complaint." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations and internal quotation marks omitted). The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Thus, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Furthermore, in this stage of litigation, the court's task is "to stay within the four corners" of the Amended Complaint. *Duran v. Colbert*, No. 2:16-cv-805 CW, 2023 WL 2742738, at *2 (D. Utah Mar. 31, 2023) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.")).

In undertaking this analysis, the court is mindful that Plaintiff is acting pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *id*., and Plaintiff's *pro se* status "does not excuse the obligation . . . to comply

with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan City.*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.   DISCUSSION

**A. First and Second Causes of Action - Excessive Force**

Plaintiff alleges that during his arrest, Officer Moulton and Officer Whitear used excessive force in violation of the Fourth Amendment (ECF 14 at 5). Bountiful City Defendants argue that because the Amended Complaint includes no allegation that Officer Moulton tased or otherwise used any excessive force against Plaintiff, the excessive force claims fail to state any claim against Officer Moulton (ECF 35 at 3–4). Bountiful City Defendants assert that these claims should be dismissed with prejudice (*id.*).

Plaintiff attempted to supplement his Amended Complaint by alleging additional facts and legal arguments in his Opposition (ECF 47). In the Opposition, Plaintiff assert that Officer Moulton was liable for excessive force for "failing to intervene" (ECF 47 at 4). Plaintiff argues that "[a]lthough Officer Moulton was not the trigger-man" he is still liable because he had many opportunities to intervene, and "a law enforcement official who fails to intervene. . . may be liable under § 1983" (ECF 47 at 1, 4 (quoting *Booker v. Gomez*, 745 F.3d 405, 422 (10th Cir. 2014))).

Bountiful City Defendants argue in their Reply (ECF 48), that the court should disregard Plaintiff's failure to intervene argument "because in ruling on a motion to dismiss, the district court is limited to the facts pled in the complaint" (*id.* at 2 (citing *Burnham v. Humphrey Hosp. Reit Tr. Inc.*, 403 F.3d 709, 713 (10th Cir. 2005))). Accordingly, Bountiful City Defendants argue that

"Plaintiff's numerous averments and attempts to expand the allegation in his Opposition should be disregarded and given no consideration" (*id*. at 3).[2]

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. To prevail on a Fourth Amendment claim, a plaintiff "must establish that there was a search and/or seizure and that the search and/or seizure was unreasonable." *Reeves v. Churchich*, 331 F. Supp. 2d 1347, 1351 (D. Utah 2004), *aff'd*, 484 F.3d 1244 (10th Cir. 2007). The Tenth Circuit has held that all claims of excessive force during arrest are governed by the objective reasonableness standard of the Fourth Amendment. *Woodford v. Robillard*, No. 2:11-CV-370 CW, 2013 WL 1403494, at *7 (D. Utah Apr. 5, 2013) (citing *Austin v. Hamilton,* 945 F.2d 1155, 1159–62 (10th Cir. 1991), *overruled on other grounds*). The touchstone of the Fourth Amendment reasonableness inquiry is whether the officers' actions are "objectively reasonable." *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 397.

The Supreme Court has identified three, non-exclusive factors (*Graham* Factors) to analyze the reasonableness of force used during arrest, these include: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. Additionally, plaintiff must show "some actual injury that is not de minimis, be it physical or emotional." *Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007).

---

[2] The court notes that North Salt Lake City Defendants did not seek dismissal of Plaintiff's first and second causes of action.

The only allegations offered by Plaintiff to support his excessive force claims in the Amended Complaint's first and second claims for relief are that "he was no longer fleeing nor resisting arrest when tased for the first time," and "he was tased a second time while lying in the gravel" despite never threatening the Officers in any way (ECF 14 at 5). Plaintiff also alleges that only Officer Whitear (employed with North Salt Lake City) tased him. As Bountiful City Defendants point out, the "Amended Complaint includes no allegation that Officer Moulton tased or otherwise used any excessive force against Plaintiff" (ECF 35 at 4). The Amended Complaint also provides no legal basis or theory to attribute excessive force liability upon Officer Moulton. Plaintiff does however, allege additional facts and legal allegations in his Opposition (ECF 47). These extra allegations, particularly his "failure to intervene" allegation, cannot be considered at this time because the court must stay "within the four corners" of the Amended Complaint. *Duran*, 2023 WL 2742738, at *2 (citing *Mobley*, 40 F.3d at 340). Therefore, the Amended Complaint as written, fails to state a claim of excessive force against Officer Moulton.

Bountiful City Defendants argue this court should dismiss Plaintiff's first and second causes of action against them with prejudice because of the multiple pleading deficiencies (ECF 35 at 4). As noted above, the court acknowledges the pleading deficiencies of Plaintiff's claims, however, the court finds that it is not in the interests of justice to dismiss these claims with prejudice at this stage of litigation. If Plaintiff can address the pleading deficiencies, the court should permit him to amend. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should [afford] leave to amend." (quoting Wright, A. Miller & M. Kane, *Federal Practice & Procedure,* Civil 2d § 1483 (West 1990))). Thus, the undersigned RECOMMENDS that the court DENY Bountiful City's Motion to Dismiss

(ECF 35) as to Plaintiff's first and second causes of action, and grant Plaintiff leave to amend his Amended Complaint so that he may address the pleading deficiencies of these claims.

### B. Third Cause of Action - Failure to Train

Bountiful City Defendants and North Salt Lake City Defendants argue that Plaintiff's failure to train claim should be dismissed (ECF 35 at 4–5; ECF 37 at 3). Bountiful City Defendants argue that the Amended Complaint "is void of any allegation that Bountiful City [] failed to train Officer Moulton, [] that it had any policy applied in an unconstitutional manner," or that "Officer Moulton used his taser" (ECF 35 at 4–5). North Salt Lake City Defendants further assert that "[e]ven assuming that the second tasing was unnecessary as alleged," claims based only on a single incident have "virtually" been rejected by every court that analyzes them (ECF 37 at 3).

The inadequacy of police training may support § 1983 liability "only where the failure to train in a relevant respect amounts to deliberate indifference to the constitutional rights of persons with whom the police come in contact." *Canton v. Harris*, 489 U.S. 378, 388 (1989). To establish municipal liability, "a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Castro v. Utah Cnty. Sheriff's Dept.*, No. 2:22-cv-00464-JCB, 2023 WL 3996851, at *2 (D. Utah June 14, 2023) (quoting *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993)).[3]

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citing *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S.

---

[3] "A municipal policy may include 'a formal regulation or policy statement, an informal custom that amounts to a widespread practice, decisions of municipal employees with final policymaking authority, ratification by final policymakers of the decisions of subordinates to whom authority was delegated, and the deliberately indifferent failure to adequately train or supervise employees.'" *Scott v. Mid-Del Schools Bd. of Educ.*, 724 F. App'x 650, 656 (10th Cir. 2018) (quoting *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017)).

397, 409 (1997)). The Supreme Court, however, has held that in "a narrow range of circumstances" it is possible for a plaintiff to "succeed in carrying a failure-to-train claim without showing a pattern of constitutional violations." *Id.* at 63 (quoting *Board of Comm'rs of Bryan Cnty.*, 520 U.S. at 409). In these narrow circumstances, "[d]eliberate indifference 'may be found absent a pattern of unconstitutional behavior'. . .where 'a violation of federal rights is a "highly predictable" or "plainly obvious" consequence of a municipality's action or inaction.'" *Waller v. Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307–08 (10th Cir. 1998)).

Plaintiff's Amended Complaint fails to refer to a Bountiful City or North Salt Lake City policy or custom that is unconstitutional, much less, a causal link between the policy or custom and the injury. Rather, Plaintiff alleges but two conclusory sentences regarding deliberate indifference: "The second tasing was so completely unnecessary that it evidences a failure on the part of the municipality. The Plaintiff was injured due to an obvious misuse of a taser weapon which suggests the deliberate indifference towards training and supervision by the municipality" (ECF 14 at 6). Plaintiff's statements are insufficient because simply alleging "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Canton*, 489 U.S. at 390–91.

Furthermore, Plaintiff has not alleged that his case falls within the "narrow range of circumstances" that allow for municipal liability from a single incident. *Waller*, 932 F.3d at 1284. Rather, Plaintiff asserts that he should be allowed to investigate and conduct discovery to uncover other instances within the city, because there may be a pattern or custom within the City of Bountiful, North Salt Lake City, or both (ECF 47 at 3). Plaintiff, however, may not rely on

"potential future discovery to rescue the inadequacies in his attempt to allege facts stating a claim upon which relief may be granted." *Duran*, 2023 WL 2742738, at *4. On a motion to dismiss, the standard is "whether the complaint's allegations support an asserted cause of action, not whether evidence that may be discovered in the future could support an asserted cause of action." *Id*. at *6. As was previously mentioned, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1217–18. Therefore, Plaintiff's Amended Complaint, as written, fails to state a failure to train claim.

Defendants argue that Plaintiff's third cause of action should be dismissed with prejudice because of their multiple pleading deficiencies (ECF 35 at 5; 37 at 3). As discussed above, this court cannot make such a determination at this stage. If Plaintiff can address the pleading deficiencies, the court will allow him to amend. *See Reynoldson*, 907 F.2d at 126. Thus, the undersigned RECOMMENDS that the court DENY Bountiful City's Motion to Dismiss (ECF 35) and North Salt Lake City's Motion to Dismiss (ECF 37) as to Plaintiff's third cause of action, and grant Plaintiff leave to amend to address this claim's pleading deficiencies.

**C. Fourth Cause of Action - Bodily Integrity under the Fourteenth Amendment**

All Defendants argue that Plaintiff's fourth cause of action under the Fourteenth Amendment should be dismissed (ECF 35 at 5–6; ECF 37 at 4–6). Bountiful City Defendants assert that the Fourteenth Amendment does not provide a basis for Plaintiff's claim to be secure in one's bodily integrity, "Plaintiff fails to assert any specific provision under the Fourteenth Amendment on which he relies, and he fails to assert a procedural or substantive due process claim" (ECF 35 at 5). North Salt Lake City Defendants argue that the claim should be dismissed because it is "not appropriate" to analyze bodily integrity claims under the Fourteenth Amendment

10

when the claims relate to an arrest (ECF 37 at 4 (citing *Riley v. Hessenflow*, No. 11-04253-CV-C-NKL, 2013 WL 139650, at *4 (W.D. Mo. Jan. 10, 2013))).

"Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment, depending on where the plaintiff finds himself in the criminal justice system at the time of the challenged use of force." *Charles v. McConnell*, No. 20-cv-01596-RM-KMT, 2021 WL 4255440, at *4 (D. Colo. Aug. 27, 2021) (quoting *Bond v. City of Tahlequah, Okla.*, 981 F.3d 808, 815 (10th Cir. 2020)), *report and recommendation adopted sub nom. Harris v. McConnell*, 20-cv-01596-RM-KMT, 2021 WL 4245371 (D. Colo. Sept. 17, 2021). "Any force used 'leading up to and including arrest' may be actionable under the Fourth Amendment[]," and the Eighth Amendment applies to "prisoners already convicted of a crime who claim that their punishments involve excessive force[.]" *Id.* (quoting *Booker*, 745 F.3d at 419). When "neither the Fourth nor Eighth Amendment applies, courts 'turn to the due process clauses of the Fifth or Fourteenth Amendment and their protection against arbitrary governmental action by federal or state authorities.'" *Id.* (quoting *Booker*, 745 F.3d at 419).[4]

In this case, Plaintiff's constitutional protections emanate from the Fourth Amendment not the Fourteenth because the alleged excessive force was used leading up to an arrest. Because the Fourth Amendment is the proper legal theory of this case, the undersigned RECOMMENDS that the court GRANT Bountiful City's Motion to Dismiss (ECF 35) and North Salt Lake's Motion to

---

[4] *See also Mahdi v. Salt Lake City Police Dept.*, 550 F. Supp. 3d 1193, 1198 (D. Utah 2021), *aff'd sub nom. Mahdi v. Salt Lake Police Dept.*, 54 F.4th 1232 (10th Cir. 2022) ("Controlling precedent establishes that '[s]ubstantive due process analysis is appropriate in cases that involve excessive force where a specific constitutional provision—such as the Fourth or Eighth Amendment—does not apply.'" (quoting *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003))).

Dismiss (ECF 37) as to Plaintiff's fourth cause of action and DISMISS his Fourteenth Amendment claims without prejudice.

### D. Fifth Cause of Action - Aggravated Assault under Utah Criminal Code

Bountiful City Defendants and North Salt Lake City Defendants argue that Plaintiff's aggravated assault claim must be dismissed because the claim is brought under Utah Code Ann. § 76-5-103, a criminal statute that does not provide for a private right of action (ECF 35 at 6; 37 at 5). "Where, as here, this criminal provision does not provide a private right of action, Utah courts generally decline to do so." *Christensen v. Graco Fishing & Rental Tools, Inc*, No. 2:20-cv-00888-HCN-JCB, 2021 WL 3010096, at *6 (D. Utah May 18, 2021) (citing *Youren v. Tintic Sch. Dist.*, 86 P.3d 771, 773 (Utah Ct. App. 2004)). Although courts generally decline to provide a private right of action for criminal provisions, this court has considered private rights of action for "civil assault" and '"civil battery" claims. *See Billy v. Edge Homes*, No. 2:19-CV-00058-JNP-EJF, 2020 WL 2572522, at *5 (D. Utah May 21, 2020).

In *Denson v. Corp. of Pres. of the Church of Jesus Christ of Latter-Day Saints*, this court found that plaintiff's claim of sexual assault was really the civil tort of battery. *See* No. 2:18-cv-00284, 2018 WL 3849930, at *8 (D. Utah Aug. 13, 2018). Similarly, Plaintiff's aggravated assault claim could be construed as a claim for is the civil tort of battery. A person commits the civil tort of battery if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Id*. (quoting *Wagner v. State*, 122 P.3d 599, 603 (Utah 2005)). That said, it is futile for the court to allow Plaintiff to raise his assault claim because it is a state-law claim which will be dismissed under the Government Immunity Act of Utah (GIAU), because assault is a claim for which immunity has not been waived.

"[A] governmental entity and an employee of a governmental entity retain immunity from suit unless that immunity has been expressly waived." Utah Code Ann. § 63G-7-101(3). "'[G]overnmental entity' includes 'the state and its political subdivisions,' as well as 'a law enforcement agency, as defined in Section 53-1-102, that employs one or more law enforcement officers, as defined in Section 53-13-103.'" *McDonald v. Davis County*, No. 1:20-cv-00136-JNP-DAO, 2021 WL 2940604, at *4 (D. Utah July 13, 2021) (quoting Utah Code Ann. § 63G-7-102(4)(a)–(b))).

The Utah Supreme Court has established a three-part test to determine whether a government entity is immune under the GIAU: "(1) whether the activity undertaken is a governmental function; (2) whether governmental immunity was waived for the particular activity; and (3) whether there is an exception to that waiver." *Salas v. U. of Utah Madsen Health Ctr.*, No. 2:21-cv-00437-JNP-DBP, 2022 WL 170066, at *3 (D. Utah Jan. 19, 2022) (quoting *Peck v. State*, 191 P.3d 4, 7 (Utah 2008)).

Under the first prong, "government function" is broadly defined as "each activity, undertaking, or operation of a governmental entity" or of "a department, agency, employee, agent, or officer of a governmental entity." Utah Code Ann. § 63G-7-102(5)(a)-(b). This court has held that "[t]he operation of a county, county sheriff's department, county jail, and county employees are a governmental function under Utah law." *Mglej v. Garfield Cnty.*, No. 2:13-cv-713, 2014 WL 2967605, at *3 (D. Utah July 1, 2014). The altercation between Plaintiff and Officers Whitear and Moulton falls within the broad definition of "governmental function," because it pertains to the operation of county police departments and their employees.

The court now considers the final two prongs to determine whether Defendants have immunity under the GIAU: waiver of immunity and exception to waiver. The GIAU "waives

13

governmental immunity 'as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment.'" *McDonald*, 2021 WL 2940604, at *4 (quoting *Erickson v. Canyons Sch. Dist*, 467 P.3d 917, 920 (Utah Ct. App. 2020)). "Exempted from this waiver, however, are 'injur[ies] aris[ing] out of or in connection with, or result[ing] from,' among other things, 'assault' and 'battery.'" *Id*. (quoting Utah Code Ann. § 63G-7-201(4)(b)). Furthermore, the Utah Supreme Court has held that "immunity is retained under the [GIAU] if an assault or battery is involved, regardless of who the tortfeasor is, and even if the assault or battery occurs as the result of the negligence of the state or state agent." *Id*. (quoting *Sanders v. Leavitt*, 37 P.3d 1052, 1058 (Utah 2001)). The court finds that immunity has not been waived for the aggravated assault claim as alleged against all Defendants. *Id.* at *5 ("Because assault and battery are intentional torts, the court concludes that governmental immunity has not been waived for such claims[.]").[5] Because Defendants are immune under the GIAU, the undersigned RECOMMENDS that the court GRANT Bountiful City's Motion to Dismiss (ECF 35) and North Salt Lake City's Motion to Dismiss (ECF 37) as to Plaintiff's fifth cause of action and DISMISS Plaintiff's aggravated assault claims against all Defendants be dismissed without prejudice.

### E. Qualified Immunity

Bountiful City Defendants argue that Officer Moulton is entitled to qualified immunity. When a defendant raises a qualified immunity defense, the court must dismiss the action unless the plaintiff shows that "(1) the defendant violated his constitutional rights, and (2) the law was

---

[5] The court notes that Plaintiff does not allege and the docket does not reflect that Plaintiff filed a "notice of claim" as required by Utah Code Ann. § 63G-7-401(2). Under § 63G-7-401(1), the notice of claim must be filed before the claim is barred by the applicable statute of limitations of four years, but roughly five and a half years have passed since Plaintiff's altercation with the officers. *See Denson*, 2018 WL 3849930, at *8 (finding that Utah's four-year "catch-all statute of limitations" in Utah Code Ann. § 78B-2-307, governs the civil tort of battery).

clearly established at the time of the alleged violation." *Hemry v. Ross*, 62 F.4th 1248, 1253 (10th Cir. 2023) (quoting *Soza v. Demsich*, 13 F.4th 1094, 1099 (10th Cir. 2021)). Because it is recommended that Plaintiff be granted leave to amend to address the pleading deficiencies of his first, second, and third causes of action, it is recommended that the court not decide the issue of qualified immunity at this time. *See Bradley v. Crowther*, No. 2:17-CV-93 TS, 2017 WL 3037377, at *3 (D. Utah Jul. 17, 2017) (allowing Plaintiff leave to amend his complaint before making determination of whether defendant was entitled to qualified immunity).

### F. Utah Constitution Claims

Plaintiff's Amended Complaint asserts that his first, second and fourth causes of action are also brought under "commensurate amendments of the Utah Constitution" (ECF 14 at 5–6). The "commensurate" amendment to a § 1983 claim against an unlawful search or seizure is article I, section 14 of the Utah Constitution, which forbids unreasonable searches and seizures. Claims for monetary damages under the Utah Constitution are only permitted in some cases. First, the provision violated must be self-executing, and the Utah Supreme Court has found article I, section 14 to be self-executing. *See Jensen ex rel. Jensen v. Cunningham*, 250 P.3d 465, 482 (Utah 2011). When the constitutional provision is self-executing, the Plaintiff must then establish the following: "(1) the plaintiff 'suffered a flagrant violation of his or her constitutional rights'; (2) "existing remedies do not redress [the plaintiff's] injuries"; and (3) "equitable relief, such as an injunction, was and is wholly inadequate to protect the plaintiff's rights or redress his or her injuries." *McDonald*, 2021 WL 2940604, at *9 (quoting *Spackman ex rel. Spackman v. Bd. of Educ. of Box Elder Cnty. Sch. Dist.*, 16 P.3d 533, 538–39 (Utah 2000)).

This court has also held that the second element is not met when the face of the plaintiff's state constitutional claims are fully encompassed and redressed by the plaintiff's § 1983 claims.

*See Cavanaugh v. Woods Cross City*, No. 1:03-CV-32-TC-BCW, 2009 WL 4981591, *6 (D. Utah Dec. 14, 2009) (citing *Spackman*, 16 P.3d at 537–39 (Utah 2000) (dismissing claims for violations of Utah Constitution Article I, sections 7, 9, and 14)); *Hoggan v. Wasatch County*, No. 2:10CV01204-DS, 2011 WL 3240510, *2 (D. Utah July 28, 2011) (holding that a plaintiff must show that "§ 1983 fails to fully redress [the plaintiff's] injures"). In the present case, the Amended Complaint seems to suggest that Plaintiff himself considers his injures under the Utah Constitution to be encompassed and redressed by the § 1983 claim, as evidenced by the fact that both appear under the same cause of action and are supported by the same factual allegations (ECF 14 at 5–6). Because Plaintiff's § 1983 claims redress Plaintiff's injuries, the undersigned RECOMMENDS that the court DISMISS without prejudice Plaintiff's claims brought under the Utah Constitution against all Defendants.

Furthermore, even if Plaintiff's claims are not fully redressed by his § 1983 claims, Plaintiffs state constitution claims fail to state a plausible claim. "The Utah Supreme Court has borrowed from § 1983 jurisprudence in articulating the pleading standard for a municipality's flagrant violation of a plaintiff's constitutional rights." *McDonald*, 2021 WL 2940604, at *9 (citing *Kuchcinski v. Box Elder County*, 450 P.3d 1056, 1067 (Utah 2019)). A plaintiff asserting violations of the Utah Constitution "must show an 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Kuchcinski*, 450 P.3d at 1067 (quoting *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978)). For an action under an official municipal policy to constitute a flagrant violation, "the plaintiff must show (1) the existence of a municipal policy or custom, (2) that this policy or custom 'evidences a "deliberate indifference"' to the plaintiff's constitutional rights, and (3) that this policy or custom was 'closely related to the ultimate injury.'" *Id.* (quoting *Canton*, 489 U.S. at 388–91).

Plaintiff's Utah Constitution claims fail for the same reason his § 1983 claims fail. Simply stating that the claims are brought under "commensurate amendments of the Utah Constitution" is not enough to state a claim against any of the Defendants. Plaintiff has failed to identity the existence of a municipal policy or custom that evidences deliberate indifference to Plaintiff's constitutional right, much less, identify how that policy or custom was linked to the injury. Thus, the undersigned RECOMMENDS that the Plaintiff's state constitutional claims be DISMISSED without prejudice against all Defendants for failure to state a claim.

### G. State-Law Claims

Lastly, Plaintiff's Amended Complaint asserts that his first, second and fourth causes of action are also brought under "commensurate. . . state laws" (ECF 14 at 5–6). To the extent that Plaintiff assert any state-law claims against Defendants, those claims should be dismissed for the same reasons as the dismissal of his aggravated assault claim. First, there is no indication that Plaintiff has filed a "notice of claim" as required by Utah Code Ann. § 63-G-7-401(2). Second, even if Plaintiff did file a notice of claim, as explained above, Defendants would be protected under the GIAU. For these reasons, the undersigned RECOMMENDS that the court DISMISS Plaintiff's state-law claims without prejudice against all Defendants.

### RECOMMENDATION

In summary, the undersigned RECOMMENDS that the court:

1. DENY IN PART Bountiful City's Motion to Dismiss (ECF 35) as to Plaintiff's first and second causes of action, and grant Plaintiff leave to amend his Fourth Amendment claims;

2. DENY IN PART Bountiful City's Motion to Dismiss and North Salt Lake City's Motion to Dismiss (ECF 37) as to Plaintiff's third cause of action and grant Plaintiff leave to amend his failure to train claim;

3. GRANT IN PART Bountiful City's Motion to Dismiss and North Salt Lake City's Motion to Dismiss and DISMISS without prejudice Plaintiff's fourth cause of action under the Fourteenth Amendment, fifth cause of action for aggravated assault, and Utah Constitution and state law claims.

## NOTICE

Copies of the Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 21 July 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah